IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 23-12278-HH

UNITED STATES OF AMERICA,

        Appellee,

v.

MICHAEL SHANE RAGLAND,

        Appellant.

_____/

### CERTIFICATE OF INTERESTED PERSONS AND UNITED STATES'S RESPONSE TO PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Undersigned counsel for the United States of America hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case:

Acosta, R. Alexander

Acosta, Diana

A&M Discount Beverage

Anderson, Mathew

Bharathi, Sowmya Joseph

Chapman, Ronald Scott

Chevron Corporation (CVX)

United States v. Michael Shane Ragland, Case No. 23-12278-HH
Certificate of Interested Persons (Continued)

Chowdhury, Nural

Coastal Corporation

Davis, Michael S.

Deshawn, Kenneth James

Fajardo Orshan, Ariana

Farina, Vincent Peter

Ferrer, Wifredo A.

Garland, II, Thomas Richard

Gonzalez, Juan Antonio

Greenberg, Benjamin G.

Hudock, Christopher

Island Beverage

James, Deshawn Kenneth

Kaufman, Allen Stewart

Keefe, Harold F.

Knights of Columbus

Lapointe, Markenzy

Lynch, Jr., Hon. Frank J.

**United States v. Michael Shane Ragland, Case No. 23-12278-HH**
**Certificate of Interested Persons (Continued)**

Matzkin, Daniel

Maynard, Hon. Shaniek Mills

McCabe, Hon. Ryon M.

Mitchell, Jr., Dewayne Bernard

Moore, Hon. K. Micha

Nash, Aisha Ashley Nicole

O'Byrne, Hayden P.

Patanzo, Peter Thomas

Peacock, Fletcher

Ragland, Michael Shane

Ramsdell, Eliza Wesley

Rightway Food Mart

Shell PLC (SHEL)

Sloman, Jeffrey H.

Stop and Shop Food Store

Taylor, Aaron Alvin

Texaco acquired by Chevron (CVX)

Tribuiani, Rinku Talwar

**United States v. Michael Shane Ragland, Case No. 23-12278-HH**
**Certificate of Interested Persons (Continued)**

Wu, Jason

Yagoda, Jay A.

                                        /s/ *Jay A. Yagoda*
                                        Jay A. Yagoda
                                        Assistant United States Attorney

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 23-12278-HH

UNITED STATES OF AMERICA,

      Appellee,

v.

MICHAEL SHANE RAGLAND,

      Appellant.
_____/

**<u>UNITED STATES'S RESPONSE TO PETITION FOR
PANEL REHEARING AND REHEARING EN BANC</u>**

    Michael Ragland represented the government's position on his rehearing request in the conclusion of his petition. Upon this Court's order for a response, the government restates its position now: it does not oppose remanding for a new resentencing, but only for the limited purpose of allowing the district court to reconsider application of the First Step Act (FSA) to Ragland's sentences for his remaining convictions under 18 U.S.C. § 924(c) in light of *Hewitt v. United States*, 145 S. Ct. 2165 (2025). On all other grounds that Ragland raises, the government opposes rehearing. The government provides this brief explanation.

    Before Congress enacted the FSA, the district court sentenced Ragland for eight § 924(c) convictions, each predicated on one of his eight convictions for either attempted or completed Hobbs Act robbery in the same case.

1

(CRDE:98:3–14; CRDE:367:3; CRDE:368:21–22).[1] At the time of his original sentencing in 2010, § 924(c) contained a "stacking" provision, which required imposing as mandatory minimums a sentence of 7 years' imprisonment for Ragland's first § 924(c) conviction and an enhanced sentence of 25 years' imprisonment for each of his remaining seven § 924(c) convictions, all to run consecutively. In 2022, this Court granted Ragland leave to file a successive § 2255 motion to challenge one of his § 924(c) convictions predicated on attempted Hobbs Act robbery (the other seven were predicated on completed Hobbs Act robberies). (2CVDE:1:2–7). And afterwards, the district court granted Ragland's § 2255 motion, vacated the single § 924(c) conviction, and conducted a resentencing on Ragland's remaining, still-intact convictions. (2CVDE:6:2; CRDE:527:2; CRDE:570)

When Ragland's resentencing took place in 2023, the FSA was in effect. The FSA modified the § 924(c) stacking provision applicable at Ragland's original sentencing to eliminate the enhanced mandatory minimum of 25 years' imprisonment for additional § 924(c) convictions in the same case. For Ragland, this would have the effect of reducing his mandatory minimum sentences for each of his remaining § 924(c) convictions from 25 years' imprisonment to 7 years' imprisonment. But at the time of his resentencing, it was unsettled in this

---

[1] The government retains the record cite conventions from its response brief.

2

Circuit whether the FSA's retroactivity clause triggered its applicability at a resentencing like Ragland's, resulting from a § 2255 grant, when the original sentencing took place years before the FSA's enactment. Ultimately, the district court in this case resentenced Ragland for his still-valid § 924(c) convictions consistent with the pre-FSA, unmodified stacking version of § 924(c). (CRDE:560:3).

On appeal, the panel considered, among others, Ragland's argument that "the District Court erred by not resentencing him under the [FSA]." *United States v. Ragland*, No. 23-12278, 2025 WL 1742251, at *4 (11th Cir. June 24, 2025). By then, another panel of this Court had already rejected the same argument in *United States v. Hernandez*, 107 F.4th 965 (11th Cir. 2024), concluding that the FSA's "modified stacking rule" was inapplicable to a resentencing conducted after a § 2255 grant when "the district court had pronounced [the defendant's original] sentence . . . before the [FSA] passed in 2018." *Ragland*, 2025 WL 1742251, at *5 (citing *Hernandez*, 107 F.4th at 973). Because the procedural circumstances in this case were identical to *Hernandez*, the panel held that Ragland "did not qualify to be resentenced under" the FSA either. *Id.*

Two days after this Court issued the panel decision, the Supreme Court decided *Hewitt*, which reached the opposite conclusion. *Hewitt* also involved a post-FSA resentencing after some (but not all) of multiple § 924(c) convictions

3

were vacated in a successful § 2255 proceeding. Rejecting the approach that this Court took in *Hernandez*, on which the panel in this case relied, the Supreme Court held that the modified stacking provision of the FSA applies to "all first-time § 924(c) offenders who appear for sentencing after the [FSA's] effective date—including those whose previous § 924(c) sentences have been vacated and who thus need to be resentenced." *Hewitt*, 145 S. Ct. at 2179.

In abrogating *Hernandez* on the same question of law, *Hewitt* binds this Court and requires the panel to revisit its holding on that point. *See United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) (this Court is "bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court"). Because the government agrees that *Hewitt* now applies, it does not oppose remanding to the district court to conduct a new resentencing where it considers application of the FSA to Ragland's sentences for his remaining § 924(c) convictions. The government agrees that in advance of the resentencing, Ragland's presentence investigation report should be updated to reflect the FSA's applicability to his new sentences.

By contrast, the government continues to disagree with Ragland that the district court had "subject matter jurisdiction to rule on" the "other legal challenges" he raised to attack his remaining convictions. Rehearing Petition at 20–30. The panel reached the correct outcome on this point, based on binding

4

Circuit precedent. *See Ragland*, 2025 WL 1742251, at *8–9. This Court only authorized Ragland to file a successive § 2255 motion to challenge his single § 924(c) conviction predicated on attempted Hobbs Act robbery. *Id.* at *8. So the panel was right that "the District Court properly dismissed Ragland's motion to amend his second or successive § 2255 motion for lack of subject-matter jurisdiction because he was required to ask this Court for permission to raise claims" challenging his remaining convictions. *Id.* at *9. At a new resentencing, the district court can reevaluate Ragland's sentences for his remaining § 924(c) convictions, but it has no power to reconsider whether those convictions are invalid without Ragland first securing additional authorization from this Court to pursue those challenges.

And nothing in *Hewitt* holds otherwise. The Supreme Court did not address the threshold question of the district court's jurisdiction to vacate under § 2255. It only addressed the next step, once jurisdiction has been established, considering which law the district court must apply at resentencing after a conviction and corresponding sentence is vacated. Because *Hewitt* resolves a different question, Circuit precedent that the panel applied in this case to reject Ragland's challenge to his remaining convictions is still binding. *See United States v. Solomon*, 136 F.4th 1310, 1318 (11th Cir. 2025) ("To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision

5

must be clearly on point." (citation modified)).

It also helps explain why Ragland's newfound reliance on the Seventh Circuit's decision in *Reyes v. United States*, 998 F.3d 753 (7th Cir. 2021), fails. The panel was already aware of *Reyes* when it decided this case because *the government* brought it to the Court's attention. *See* Response Br. at 52 n.5. Ragland never asked this Court to adopt it. But the panel implicitly rejected the out-of-circuit approach in *Reyes*, as the government recommended, because this Circuit's contrary, binding precedent required it. *See Ragland*, 2025 WL 1742251, at *8 (citing *United States v. Pearson*, 940 F.3d 1210, 1216 (11th Cir. 2019), for the proposition that "district courts do not have subject-matter jurisdiction over claims that were not raised and authorized in a defendant's application to file a successive motion to vacate," thereby depriving the district court of "power to accept or reject these claims on the merits").

In any event, subject matter jurisdiction to consider Ragland's unauthorized § 2255 claims wouldn't lead to the result he wants. Both before and after Ragland briefed his appeal, the Court has squarely rejected his claim that § 924(c) convictions predicated on *completed* (as opposed to attempted) Hobbs Act robbery are invalid under *United States v. Taylor*, 596 U.S. 845 (2022). *See Solomon*, 136 F.4th at 1320–21 ("[W]e concluded in [*United States v. Wiley*, 78 F.4th 1355 (11th Cir. 2023)], that *Taylor* did not disturb our holding in [*In re*

6

*Saint Fleur*, 824 F.3d 1337 (11th Cir. 2016)], that completed Hobbs Act robbery is a crime of violence. Under our prior-panel-precedent rule, we may not diverge from that position here." (citation modified)). Even on the merits, his unauthorized challenges could not succeed.

## Conclusion

For the reasons above, the government does not oppose remanding for a new resentencing where the district court can consider Ragland's sentences for his remaining § 924(c) convictions in light of *Hewitt*; and opposes rehearing to the extent Ragland challenges his remaining convictions without this Court's authorization.

Respectfully submitted,

Hayden P. O'Byrne
United States Attorney

By:   /s/ *Jay A. Yagoda*
Jay A. Yagoda
Assistant United States Attorney
99 N.E. 4th Street, 5th Floor
Miami, Florida 33132
(305) 961-9066
jay.yagoda@usdoj.gov

Daniel Matzkin
Chief, Appellate Division

Of Counsel

7

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because it contains 1,421 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally based typeface using Microsoft Word 2010, 14-point Calisto MT.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2025, the foregoing response was filed by CM/ECF and served via CM/ECF on Peter T. Patanzo, attorney for Defendant Michael Ragland.

/s/ *Jay A. Yagoda*
Jay A. Yagoda
Assistant United States Attorney